# Exhibit A

Kane County Circuit Court   THERESA E. BARREIRO   ACCEPTED: 6/11/2021 3:25 PM   By: DS   Env #13656917

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

CHARLENE MCGHEE,
on behalf of Plaintiff and a class,

Plaintiff,

vs.

ACCOUNT CONTROL SYSTEMS, INC.,

Defendant.

21-MR-000996

Clerk of the Circuit Court
Kane County, Illinois
6/11/2021 1:50 PM
FILED/IMAGED

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Charlene McGhee brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Account Control Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Personal jurisdiction in Illinois is proper because Defendant sent its collection letters into Illinois.

4. Venue in this county is proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5. Plaintiff Charlene McGhee is a natural person residing in Aurora, Kane County, Illinois.

#### Defendant

6. Defendant Account Control Systems, Inc. is a New Jersey corporation with its principal place of business at 85 Chestnut Ridge Road, Suite 113, Montvale, New Jersey, 07645. It does business in Illinois. Its registered agent and office is Registered Agent Solutions Inc., 901 S. 2nd St., #201,

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.
Judge: Dalton, John G
9/28/2021 10:00 AM

Springfield, IL 62704.

7. Defendant Account Control Systems, Inc. is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant Account Control Systems, Inc.'s resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant Account Control Systems, Inc.'s revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant Account Control Systems, Inc.'s expenses are related to debt collection.

11. Defendant Account Control Systems, Inc., states on its website that "Since 1982, Account Control Systems has been a recognized leader in many segments within the collection industry." (https://www.accountcontrolsystems.com/)

12. Defendant Account Control Systems, Inc is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

13. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

14. On or about June 16, 2020, Defendant Account Control Systems, Inc. caused a letter vendor to send Plaintiff the letter in *Exhibit A*.

15. On or about June 23, 2020, Defendant Account Control Systems, Inc. caused a letter vendor to send Plaintiff the letter in *Exhibit B*.

16. The letters bear markings that are characteristic of one generated by a letter

vendor.

17. In order to have the letter vendor send Plaintiff the letter in *Exhibits A and B*, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

18. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

19. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

21. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

22. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

23. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

24. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

25. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

26. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

27. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

28. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

29. Plaintiff incorporates paragraphs 1-28.

30. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

31. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class.

33. The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time

during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

34. Plaintiff may alter the class definition to conform to developments in the case and discovery.

35. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

   iii.  Such other and further relief as the Court deems proper.

            /s/ *Daniel A. Edelman*
            Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106

Kane County Circuit Court   THERESA E. BARREIRO   ACCEPTED: 6/11/2021 3:25 PM   By: DS   Env #13656917

21-MR-000996

# EXHIBIT A

Clerk of the Circuit Court
Kane County, Illinois
6/11/2021 1:50 PM
FILED/IMAGED

| 85 CHESTNUT RIDGE RD SUITE 113 MONTVALE NJ 07645-1827 Telephone's: (201) 767-5300 (800) 482-8026 Fax: (201) 767-7051 | **ACCOUNT CONTROL SYSTEMS, INC.** D.B.A. – A.C.S. 148 IN TEXAS AND NEW HAMPSHIRE |
|---|---|

| ACS Account No.: ▮ | Total Due: ▮ |
|---|---|



CHARLENE MCGHEE

ACCOUNT CONTROL SYSTEMS, INC.
85 CHESTNUT RIDGE RD SUITE 113
MONTVALE NJ 07645-1827

Jun 16, 2020

✂ Detach Upper Portion And Return With Payment ✂

ACS ACCOUNT NO.: ▮
TOTAL DUE: ▮

CREDITOR(S)

Dear CHARLENE MCGHEE,

This account has been listed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification. If you request this in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

*MS. GLADYS HILL*
MS. GLADYS HILL
1-800-482-8026 EXT 101

OR MAIL TO:
ACCOUNT CONTROL SYSTEMS
85 Chestnut Ridge Rd SUITE 113
Montvale, NJ 07645

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

PLEASE SEE REVERSE SIDE FOR ALL PAYMENT OPTIONS

EXHIBIT A

## Payment Method Options



# www.acswebpay.net

1. TO MAKE A PAYMENT ONLINE OR PROPOSE YOUR OWN PAYMENT PLAN 24/7 VISIT OUR VIRTUAL COLLECTOR AT www.acswebpay.net

2. Check One: ☐ VISA  ☐ Discover
              ☐ MasterCard  ☐ American Express

    Expiration Date: ___/___/_____       Amount of Payment: $_____

    Card #: _____     Signature _____

    Security Code: [____]

    3 Digits Visa/Master Card    4 Digits American Express    3 Digits Discover Card

3. Check by Phone

    Call 1-800-482-8026. You will need your checking account # and routing # to complete this transaction.

### MoneyGram ExpressPayment Instructions

4. Money Gram "Express Payment"

    Payable to: Account Control Systems

    Receive Code: [3][0][9][8]

    Account Number: _____    Attn: _____

5. Mail Check or Money order to:   ACS

    Please include your A.C.S.#    85 Chestnut Ridge Rd, Suite 113
                                   Montvale, NJ 07645

**EXHIBIT B**

85 CHESTNUT RIDGE RD SUITE 113
MONTVALE NJ 07645-1827
RETURN SERVICE REQUESTED
Telephone's : (201) 767-5300
          (800) 482-8026
Fax :    (201) 767-7051

**ACCOUNT CONTROL SYSTEMS, INC.**
D.B.A. – A.C.S. 148
IN TEXAS AND NEW HAMPSHIRE

ACS Account No. :    Total Due : 

CHARLENE MCGHEE

ACCOUNT CONTROL SYSTEMS, INC.
85 CHESTNUT RIDGE RD SUITE 113
MONTVALE NJ 07645-1827

✂ Detach Upper Portion And Return With Payment ✂

Jun 23, 2020

CREDITOR(S)

# 80%

THE CREDITOR(S) LISTED ABOVE HAS ASKED US TO OFFER YOU A SETTLEMENT ON YOUR ACCOUNT FOR 80% OF YOUR OUTSTANDING BALANCE.

SEND A CHECK OR MONEY ORDER TODAY FOR ▮▮▮▮ AND YOUR ACCOUNT WILL BE SETTLED IN FULL. (NO OTHER MONIES DUE)

WE ALSO ACCEPT ALL CREDIT CARDS & DEBT CARDS.

**PLAN #2** CONTACT ONE OF OUR CREDIT SPECIALISTS TOLL FREE AT 1-800-482-8026 AND THEY WILL ASSIST YOU IN ARRANGING AFFORDABLE MONTHLY PAYMENT SCHEDULES TAILORED TO WORK WITHIN YOUR BUDGET.

PLEASE SEE REVERSE SIDE FOR PAYMENT OPTIONS

**CALL TODAY TO TAKE ADVANTAGE OF THIS SPECIAL OFFER**
1-800-482-8026
OR
201-767-5300

*MS REED*
MS REED
1-800-482-8026

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

PLEASE SEE REVERSE SIDE FOR ALL PAYMENT OPTIONS

EXHIBIT B



## Payment Method Options

# www.acswebpay.net

1. **TO MAKE A PAYMENT ONLINE OR PROPOSE YOUR OWN PAYMENT PLAN 24/7 VISIT OUR VIRTUAL COLLECTOR AT** www.acswebpay.net

2. Check One: ☐ VISA  ☐ Discover
   ☐ MasterCard  ☐ American Express

   Expiration Date: ___/___/_____

   Amount of Payment: $_____

   Card #: _____

   Signature _____

   Security Code: [____]

   | 3 Digits Visa/Master Card | 4 Digits American Express | 3 Digits Discover Card |

3. **Check by Phone**

   Call 1-800-482-8026. You will need your checking account # and routing # to complete this transaction.

   **MoneyGram ExpressPayment Instructions**

4. Money Gram "Express Payment"

   Payable to : Account Control Systems

   Receive Code : [3][0][9][8]

   Account Number: _____   Attn: _____

5. Mail Check or Money order to:   ACS

   Please include your A.C.S.#
   85 Chestnut Ridge Rd, Suite 113
   Montvale, NJ 07645