**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLENE MCGHEE, | ) | |
| on behalf of Plaintiff | ) | |
| and a class, | ) | |
| | ) | Case No. 21-cv-03787 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| ACCOUNT CONTROL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

Plaintiff, Charlene McGhee, respectfully requests that the Court, pursuant to 28 U.S.C.

§1447(c), remand this action to the Circuit Court of Cook County, Illinois and to award attorneys'

fees and costs incurred as a result of the removal.

The grounds for this motion are as follows:

1.      The Complaint in this matter, filed in the Circuit Court of the 16th Judicial Circuit,

Kane County, Illinois, on June 11, 2021, alleges a claim against debt collector Account Control

Systems, Inc. under the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.      Plaintiff alleges that Defendant disclosed Plaintiff's private information to

an unauthorized party, a letter vendor.

3.      Defendant was served on June 16, 2021 and removed the action on July 15, 2021.

4.      Defendant's Notice of Removal denies rather that asserts the existence of federal

jurisdiction.  It states that Defendant does not believe that the Complaint satisfies standing

requirements under Article III of the federal constitution:

10.      On April 21, 2021, the Eleventh Circuit decided *Hunstein v. Preferred Collection*

*Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021). The complaint in *Hunstein* contains similar allegations to plaintiff's allegations in this case. The Eleventh Circuit concluded that the named plaintiff in *Hunstein* possessed Article III standing based upon those allegations.

11. *Hunstein* does not appear to be consistent with the law in the Seventh Circuit. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc.*, 2021 U.S. App. LEXIS 14339 (7th Cir. 2021).

12. Defendant disagrees with *Hunstein* and asserts that *Hunstein* was incorrectly decided. On May 26, 2021, the defendant-appellee in *Hunstein* filed a petition for *en banc* review concerning Article III standing and on the merits. The petition remains unresolved as of the deadline to remove the instant case.

13. Based on the foregoing, defendant is entitled to remove this action in good faith to this Court under 28 U.S.C. §§ 1441 *et seq.* and 1446 *et seq.*

5. A concurring opinion in the most recent Seventh Circuit decision, *Markakos,*

states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector

may send a letter demanding payment on an overstated debt, and the recipient lacks standing to

enforce the FDCPA unless the debt collector's deceit is successful in one way or another." *Markakos*

*v. Medicredit, Inc.*, 997 F.3d 778, 2021 U.S. App. LEXIS 14339, at *12 (7th Cir. May 14, 2021)

(Ripple, J., concurring).

6. Plaintiff does not allege this and therefore filed in state court.

7. The party invoking the jurisdiction of the District Court has the burden of

establishing that all aspects of federal jurisdiction, including the satisfaction of Article III standing

requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875

F.3d 849, 853 (7th Cir. 2017); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98 (1921);

-2-

*Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999).

8.      In the case of removal, the removing party bears that burden. *Collier v. SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.,* 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

9.      Defendant is not entitled to file a removal petition in which it states that it does not believe that applicable Article III standing requirements are met and that the only case supporting standing on the facts alleged is wrongly decided.

10.      We thus have a situation where the Defendant states that it does not think federal jurisdiction exists and Plaintiff does not wish to be in federal court.

11.      It is well settled that any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).  There is a presumption against removal.  *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941).

12.      In *Collier v. SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018), the Seventh Circuit held it was improper for a defendant who removes a case based on federal question jurisdiction to subsequently move to dismiss the case for a lack of Article III standing.  The defendant in *Collier* removed to federal court and a week later moved to dismiss claiming the plaintiffs lacked Article III standing. The plaintiffs agreed they lacked standing and requested that the district court remand the case back to state court rather than dismiss the case. The district court denied the plaintiffs' request for a remand, concluded they lacked standing and after allowing time to amend the complaint, dismissed the complaint with prejudice when they failed to amend. On appeal, the Seventh Circuit disagreed with the district court noting that the party invoking federal jurisdiction is required to

establish all aspects of jurisdiction, including Article III standing, and ordered that the case be

remanded. (889 F.3d at 896)

13.     Similarly, in *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 911 (N.D. Ill. 2016),

the defendant removed and then moved to dismiss for lack of Article III jurisdiction. Judge Bucklo

held that if no party was willing to affirmatively argue that federal jurisdiction existed, the case had

to be remanded. She also awarded attorney's fees for improper removal.

14.     To the same effect is *Black v. Main St. Acquisition Corp.,* 5:11cv577, 2013 U.S. Dist.

LEXIS 43219, *3, 2013 WL 1295854 (N.D.N.Y., March 27, 2013), where defendant removed and

then filed a summary judgment motion asserting that the court lacked subject matter jurisdiction

under the *Rooker-Feldman* doctrine. The court summarily remanded the matter, holding that if "no

party shoulders the burden of proving jurisdiction," the case does not belong in federal court.

15.     The only difference between those cases and this case is that here, the Defendant

states in its removal petition that it does not think that this Court has subject matter jurisdiction.

16.     Allowing the filing of a removal petition that disputes federal jurisdiction would

enable defendants to disrupt litigation, putting cases in a state of limbo where they are pending in

federal court but no party actually asserts that federal jurisdiction exists. Plaintiff would be forced to

expend resources on litigation in federal court under the constant threat of Defendant raising the

issue of a lack of subject-matter jurisdiction if it doesn't like the outcome.

17.     Illinois does not impose standing requirements similar to Article III. *Rosenbach v. Six

Flags Entertainment Corp.,* 2019 IL 123186, 129 N.E.3d 1197 (Biometric Identification Privacy Act);

*Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, 115 N.E.3d 1080 (same); *Soto v.

Great America LLC,* 2020 IL App (2d) 180911, 165 N.E.3d 935 (Fair Credit Reporting Act); *Lee v.

Buth-Na-Bodhaige, Inc.,* 2019 IL App (5th) 180033, ¶64, 143 N.E.3d 645 (same); *Duncan v. FedEx Office*

*& Print Services, Inc.,* 2019 IL App (1st) 180857, 123 N.E.3d 1249 (same); *Landis v. Marc Realty, L.L.C.,* 235 Ill.2d 1, 919 N.E.2d 300 (1st Dist. 2009) (statutory penalty for landlord's failure to timely return its tenants' security deposit under Chicago Residential Landlord Tenant Ordinance (CRLTO)); *Namur v. Habitat Co.,* 294 Ill.App.3d 1007, 691 N.E.2d 782 (1st Dist. 1998) (tenant whose security deposit is not maintained in special trust account may sue for statutory penalty under CRLTO even if nothing happens to the deposit); *Faison v. RTFX, Inc.,* 2014 IL App (1st) 121893, 6 N.E.3d 376 (tenant may recover statutory penalty under CRLTO for failure to provide receipt for security deposit containing prescribed information); *Cairo & St. Louis R.R. v. Warrington,* 92 Ill. 157, 159-60 (1879) (penalty on railroad for failure to fence its right of way; court held that "[t]he power to impose fines, penalties and forfeitures for a violation of or the non-observance of statutory requirements, is believed to be coeval with the common law itself. . . . In some cases the penalty is given to the informer, in others one-half to the government and the other half to the informer, or one-half to the informer and the other half to some charity or specific fund. We are aware of no case since the organization of our government, State or Federal, which has questioned the power of the legislature to thus dispose of a penalty or forfeiture. All must concede that when the General Assembly imposes a forfeiture, that body may dispose of it in such manner as in their wisdom they may see proper. They may appropriate such penalties to the general revenue of the State, to the school or other fund, general or local, or to a private person. This, it is believed, has never been questioned.").

18.      Given the fact that there is a perfectly competent forum with no jurisdictional issue two blocks down the street, there is no reason to permit the disruptive filing of a removal petition that disputes federal jurisdiction.

19.      Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. §1447(c)

which states "An order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital*

*Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005), the Supreme Court held "the standard for

awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances,

courts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal."

WHEREFORE the reasons stated above, Plaintiff request this Court to remand this matter

back to   Circuit Court of the 16th Judicial Circuit, Kane County, Illinois and to award Plaintiff

reasonable attorneys' fees and cost incurred as a result of the removal.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on August 16, 2021, I caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ *Daniel A. Edelman*
Daniel A. Edelman
Dulijaza (Julie) Clark
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603-1824
Email: courtecl@edcombs.com